UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| MARWIN R.M., | Case No. 26-CV-1413 (NEB/SGE) |
| Petitioner, | |
| v. | ORDER ON PETITION FOR WRIT OF HABEAS CORPUS |
| PAMELA BONDI, Attorney General, KRISTI NOEM, Secretary, U.S. Department of Homeland Security; TODD M. LYONS, Acting Director of Immigration and Customs Enforcement; and DAVID EASTERWOOD, Acting Director, St. Paul Field Office Immigration and Customs Enforcement, | |
| Respondents. | |

This matter is before the Court on Petitioner Marwin R.M.'s Petition for a Writ of Habeas Corpus. (ECF No. 1 ("Pet.").) Marwin R.M. is a citizen of Venezuela who has lived in the United States since March 26, 2024, when he arrived at the port of entry in Laredo, Texas. (ECF No. 5 at 6.[1]) He applied for asylum at that time, and his application is still pending. (*Id.* at 1.) Marwin R.M. was then served with a Notice to Appear for a subsequent hearing and granted humanitarian parole under 8 U.S.C. Section 1182(d)(5)(A) through March 25, 2026. (*Id.* at 1, 5.) His parole has since been revoked on

---

[1] All page citations to the record or other dockets reference ECF pagination.

account of his Venezuelan citizenship (rather than an individualized determination). (*Id.* at 2.) The record before the Court does not reflect any criminal history.

On January 12, 2026, Immigration and Customs Enforcement ("ICE") took Marwin R.M. into custody—without a warrant. (Pet. ¶ 22.) Afterwards, Marwin R.M., by and through his next friend Joahana M.E., filed this habeas action challenging his detention under 28 U.S.C. § 2241. (*Id.* ¶ 4.) He argues that his detention violates the Fifth Amendment, the Immigration and Nationality Act ("INA"), and the Administrative Procedure Act. (*Id.* ¶¶ 36–51.)

## ANALYSIS

Respondents broadly assert that "Petitioner is subject to mandatory detention under [8 U.S.C.] § 1225(b), whether as an arriving alien with a pending asylum claim under (b)(1) or through the 'catchall provision' in (b)(2) for noncitizens seeking admission." (ECF No. 4 at 8.) These two provisions govern different subsets of noncitizens, none of which applies to Marwin R.M.'s circumstances. For the reasons below, the Court concludes that Marwin R.M. is not subject to mandatory detention under either subsection of Section 1225(b).

### I.  Section 1225(b)(1)

For those noncitizens within its ambit, Section 1225(b)(1) spells out a screening and interview process through which immigration officials filter certain noncitizens into the

proper channels for mandatory detention, pending expedited removal or consideration of an asylum application. By its terms, Section 1225(b)(1) governs (a) "aliens arriving in the United States" and (b) "certain other aliens who have not been admitted or paroled." 8 U.S.C. § 1225(b)(1). If a noncitizen does not fall within either of these categories of coverage, they cannot be subject to mandatory detention under subsection (b)(1). *Bashir K.A. v. Klang*, No. 25-CV-4559 (KMM/DJF) (D. Minn. Feb. 17, 2026), ECF No. 25 at 10.

When Marwin R.M. was detained by ICE on January 12, 2026, he did not come within the scope of Section 1225(b)(1). Thus, that provision cannot serve as a lawful basis for his detention.

*First*, Marwin R.M. is no longer an arriving alien under Section 1225(b)(1) by the time ICE detained him on January 12, 2026. Respondents draw particular attention to Marwin R.M.'s Notice to Appear from 2024, which notes his status as an "arriving alien." (ECF No. 4 at 2; ECF No. 5 at 8.) This much is true. When Marwin R.M. first presented at a port of entry back in 2024, he was indeed "arriving" at the United States in the plainest sense of the word. But because Marwin R.M. has since been granted parole and was already present in the country when he was detained, that designation of "arriving alien" no longer applies. *See Qasemi v. Francis*, No. 25-CV-10029 (LJL), 2025 WL 3654098, at *6 (S.D.N.Y. Dec. 17, 2025) ("Applying the plain meaning of 'arriving in the United States' here, there can be no doubt that upon his parole into the interior of the country,

3

[petitioner] had arrived in the United States and was no longer a noncitizen arriving in the United States."). And the revocation of Marwin R.M.'s parole does not change this analysis. *Rodriguez-Acurio v. Almodovar*, --- F. Supp. 3d. ---, No. 25-CV-6065 (NJC), 2025 WL 3314420, at *17 (E.D.N.Y. Nov. 28, 2025) ("[R]ather than reverting to any prior status, a noncitizen whose parole has expired is treated like the vast majority of undocumented immigrants currently living in this country who are not subjected to expedited removal.").

*Second*, Marwin R.M. does not fall within the other category of noncitizens subject to mandatory detention under Section 1225(b)(1), as outlined in subsection (b)(1)(iii)(II). That subsection explains that mandatory detention applies to a noncitizen "who has not been admitted or paroled into the United States, and who has not affirmatively shown, to the satisfaction of an immigration officer, that [he] has been physically present in the United States continuously for the 2-year period immediately prior to the date of the determination of inadmissibility." 8 U.S.C. § 1225(b)(1)(iii)(II). "Removing the negative, the statute states that if a noncitizen has *either* been 'admitted or paroled,' or has been continuously in the United States for 'a two-year period prior to the determination of inadmissibility,' the noncitizen is not subject to expedited removal (and the accompanying mandatory detention regime of Section 1225(b)(1))." *Qasemi*, 2025 WL

4

3654098, at *7. Marwin R.M. was previously paroled, so he clearly falls outside this group of noncitizens within Section 1225(b)(1).

## II.   Section 1225(b)(2)

Because Marwin R.M. was already present in the country, as discussed above, the remaining analysis is familiar. He is one of hundreds of petitioners in the District who have challenged their custody without an individualized bond determination. Like those petitioners, Marwin R.M. argues he has been misclassified as a detainee under 8 U.S.C. Section 1225(b)(2) of the INA rather than Section 1226(a). (Pet. ¶ 35.)

Detention is mandatory under Section 1225(b)(2), but discretionary under Section 1226(a); and Section 1226(a), unlike Section 1225, provides for a bond hearing. 8 U.S.C. §§ 1225, 1226; *see also Jose J.O.E. v. Bondi*, 797 F. Supp. 3d 957, 961–62 (D. Minn. 2025) (describing the legal framework of Sections 1225 and 1226). Because he has been living in the United States since he was paroled in 2024, Marwin R.M. asserts that Section 1226, rather than Section 1225, applies. (Pet. ¶ 35.)

The Court has already concluded that petitioners similarly situated to Marwin R.M. are governed by Section 1226 rather than Section 1225. *Andres R.E. v. Bondi*, No. 25-CV-3946 (NEB/DLM), 2025 WL 3146312 (D. Minn. Nov. 4, 2025). Section 1225(b)(2) applies to applicants "seeking admission," but the government did not detain Marwin R.M. while he was entering the United States. Instead, he was detained while "already in

5

the country." *See Jennings v. Rodriguez*, 583 U.S. 281, 289 (2018) (construing 8 U.S.C. Sections 1226(a) and (c)). So, Section 1226 applies.

The Court is not alone in its decision; rather, the majority of courts to rule on the matter came to the same conclusion as *R.E. See, e.g.*, *Castañon-Nava v. U.S. Dep't of Homeland Sec.*, 161 F.4th 1048, 1060–62 (7th Cir. 2025); *Francisco T. v. Bondi*, 797 F. Supp. 3d 970, 974–76 (D. Minn. 2025); *Belsai D.S. v. Bondi*, --- F. Supp. 3d ---, No. 25-CV-3682 (KMM/EMB), 2025 WL 2802947, at *6–7 (D. Minn. Oct. 1, 2025); *Eliseo A.A. v. Olson*, --- F. Supp. 3d ---, No. 25-CV-3381 (JWB/DJF), 2025 WL 2886729, at *2–4 (D. Minn. Oct. 8, 2025); *Avila v. Bondi*, No. 25-CV-3741 (JRT/SGE), 2025 WL 2976539, at *5–7 (D. Minn. Oct. 21, 2025), *appeal filed*, No. 25-3248 (8th Cir. Nov. 10, 2025); *E.M. v. Noem*, 25-CV-3975 (SRN/DTS), --- F. Supp. 3d ---, 2025 WL 3157839, at *4–8 (D. Minn. Nov. 12, 2025); *Santos M.C. v. Olson*, No. 25-CV-4264 (PJS/DJF), 2025 WL 3281787, at *2–3 (D. Minn. Nov. 25, 2025).

Marwin R.M.'s pending asylum application does not change the Court's analysis. A pending asylum application does not transform someone who has resided in the country for some time into someone "seeking admission" for Section 1225 purposes. Rather, to the extent asylum applicants "seek" anything, it is "not 'admission' or 'lawful entry' to the United States, but to obtain a lawful means to *remain* here." *Lopez Benitez v. Francis*, 795 F. Supp. 3d 475, 489 n.7 (S.D.N.Y. 2025); *Barco Mercado v. Francis*, --- F. Supp.

6

3d ---, No. 25-CV-6582 (LAK), 2025 WL 3295903, at *5 (S.D.N.Y. Nov. 26, 2025) ("A noncitizen [with a pending asylum application] who has already entered the United States illegally and is living here cannot be said to be actively seeking lawful entry into the United States. The entry, whether lawful or unlawful, occurred years ago."). Respondents' thin argument to the contrary—in which they cite just one case for a proposition it does not contain—is unavailing. (ECF No. 5 at 8 (citing *Chen*).)

The Court therefore grants the Petition for Writ of Habeas Corpus, but the issue of remedy remains. Marwin R.M. requests immediate release. (Pet. ¶ 52.) Several courts in this District have concluded that petitioners detained by ICE without an administrative warrant, which is required by Section 1226(a), should be immediately released. *E.g.*, *Ahmed M. v. Bondi*, No. 25-CV-4711 (ECT/SGE), 2026 WL 25627, at *7 (D. Minn. Jan. 5, 2026); *Juan S.R. v. Bondi*, No. 26-CV-5 (PJS/LIB) (Jan. 12, 2026), ECF No. 8 at 3–4; *see also* 8 U.S.C. § 1226(a) ("On a warrant issued by the Attorney General, an alien may be arrested and detained pending a decision on whether the alien is to be removed from the United States.").

Marwin R.M. asserts that his arrest was warrantless. (Pet. ¶ 21.) The Court ordered Respondents to produce evidence to establish the lawfulness and correct duration of Marwin R.M.'s detention in light of issues raised by the habeas petition. Respondents did not submit a warrant to support his arrest. Because a warrant is a prerequisite to

detention under Section 1226(a), and there was no warrant here, Marwin R.M.'s detention lacks a lawful predicate. *Vedat C. v. Bondi*, No. 25-CV-4642 (JWB/DTS) (D. Minn. Dec. 19, 2025), ECF No. 9 at 6; *Chogllo Chafla v. Scott*, 804 F. Supp. 3d 247, 264 (D. Me. 2025), *appeal filed* (Nov. 6, 2025). The Court therefore orders the immediate release of Marwin R.M.

## CONCLUSION

Based on the foregoing and on all the files, records, and proceedings herein, IT IS HEREBY ORDERED THAT:

1. The Petition for Writ of Habeas Corpus (ECF No. 1) is GRANTED. The Court:

    a. DECLARES that Petitioner is not subject to mandatory detention under 8 U.S.C. §§ 1225(b)(1) or (b)(2), and is instead subject to detention, if at all, pursuant to the discretionary authority of 8 U.S.C. § 1226(a);

    b. ORDERS that Respondents release Petitioner from custody in Minnesota as soon as practicable with coordination or at least two hours' advance notice to counsel, but not later than 24 hours after entry of this Order;

    c. ORDERS that Respondents release Petitioner in Minnesota with all Petitioner's personal effects, including all personal property seized

       during Petitioner's arrest such as, but not limited to, immigration paperwork;

d.   ORDERS that, within **four days** of release, the Respondents shall file notice on the docket confirming that release within Minnesota has occurred; and

e.   ENJOINS Respondents from moving Petitioner outside of Minnesota prior to Compliance with this Order. If Petitioner has already been removed from Minnesota, Respondents are ORDERED to immediately return Petitioner to Minnesota.

LET JUDGMENT BE ENTERED ACCORDINGLY.

Dated: February 19, 2026  
Time: 12:52 p.m.

BY THE COURT:  
s/Nancy E. Brasel  
Nancy E. Brasel  
United States District Judge